UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT "SOLDIER" HEARD, <br><br> Plaintiff, <br><br> v. <br><br> PAYPAL CORPORATION, et al., <br><br> Defendants. | Case No.17-cv-03433-HRL <br><br> **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS** <br><br> **ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE** <br><br> **REPORT AND RECOMMENDATION** <br><br> Re: Dkt. Nos. 1, 2 |

Pro se plaintiff Robert "Soldier" Heard ("Heard") sues Defendants Paypal Corp., the High and Middle Schools of Gainesville, Georgia, Hall County, Georgia, and "Mexicans." Dkt. No. 1. Heard has applied for leave to proceed in forma pauperis ("IFP") and has neither consented to nor declined magistrate judge jurisdiction. Dkt. No. 2. For the reasons explained below, the undersigned grants Heard's IFP application, but nevertheless recommends that the court dismiss his complaint pursuant to 28 U.S.C. Section 1915(e).

**BACKGROUND**

Heard alleges that he attempted to activate a card in the Dollar General in Gainesville, Georgia, on May 4, 2017, but that Paypal Corp. refused to activate the card. Dkt. No. 1. Heard went to the police for help several days later. He and an officer called Paypal, but their combined efforts to activate the card did not succeed. *Id.* ("That was then, this is now, I yet ain't got it."). Later in his complaint, Heard implies that there is money on the card that belongs to him. *Id.*

Heard next alleges that "personel [*sic*] from the schools were using phones and school and gov. library computers" to sign his name and re-route his mail to a different address. He further

suggests that this conduct, the subject of another complaint he has filed in the Northern District of Georgia, is linked to the "deprivation of [his] very needed funds" described above. *Id.*

Heard seeks compensatory damages "in the amount of $1,500,000.00 collectively," or $500,000 from each of the three Defendants. He asserts that Defendants violated his constitutional rights and deprived him of his property. *Id.*

## LEGAL STANDARD

A court may grant an application to proceed *in forma pauperis* and permit a plaintiff to prosecute a suit in federal court without prepayment of the filing fees if the court determines that the applicant cannot pay such fees. 28 U.S.C. § 1915(a).

The court, however, is under a continuing duty to dismiss a case filed without prepayment of the filing fee whenever it determines that the action is "frivolous or malicious; [or] fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 409 U.S. 319, 324 (1989). A complaint is "frivolous" under Section 1915 when it "lacks an arguable basis either in law or in fact." *Neitzke*, 409 U.S. at 325.

Dismissals under Section 1915 for failure to state a claim upon which relief may be granted are governed by the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints that merely recite the elements of a claim are insufficient. *Id.* In considering a 12(b)(6) motion, a court accepts the plaintiff's factual allegations as true and construes the pleadings in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

When evaluating a pro se complaint, the court must construe the allegations liberally, and

dismissal of a pro se complaint without leave to amend is only proper if it is "absolutely clear that no amendment can cure the defect." *Murphy v. United States Postal Serv.*, No. C 14-02156 SI, 2014 WL 4437731 (N.D. Cal. Sept. 9, 2014) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980)).

**DISCUSSION**

The court is satisfied that Heard is eligible to proceed *in forma pauperis* and grants his application. Nevertheless, the undersigned recommends that the court dismiss the complaint as against each defendant for the following reasons.

The undersigned recommends that the court dismiss the complaint as against "Mexicans" as frivolous and for failure to state a claim upon which relief may be granted. Heard's complaint does not plead any factual content related to Mexicans—indeed, the complaint does not even mention this defendant after the caption. Because amending the complaint against Mexicans would be frivolous and futile, the undersigned recommends dismissing Mexicans with prejudice.

The undersigned also recommends dismissing the complaint as against the government defendants—the High and Middle Schools of Gainesville, Georgia, and Hall County, Georgia. As Heard sues these defendants for damages related to a violation of his constitutional rights, the undersigned construes his claim as arising under 42 U.S.C. Section 1983, which permits such actions. To state a claim under Section 1983, a plaintiff must allege the violation of a constitutional or federal statutory right and "must show that the alleged deprivation was committed by a person acting under color of state law." *Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "An individual acts under color of state law when he or she exercises power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.*, at 1036 (quoting *U.S. v. Classic*, 313 U.S. 299, 326 (1941)).

Heard has not plead any facts suggesting that the government defendants or their employees acted under color of state law. He alleges that "personnel" used computers at schools and libraries to re-route his correspondence. He does *not* allege any facts suggesting that the government defendants only had access to these computers (in libraries and schools) because of their positions; that they relied on software or other tools accessible to them because of their

3

positions (Heard alleges that they used "stuff like white out and liquid paper");[1] or that they were acting in their official capacity or while exercising their official responsibilities. The undersigned therefore recommends dismissing the Section 1983 claim as against the government defendants for failure to state a claim upon which relief may be granted. As leave to amend should be freely granted, the undersigned recommends granting Heard leave to amend this claim.

Heard does not state a claim under Section 1983 as against Defendant Paypal because it is a private actor, and Heard does not allege any facts regarding "a sufficiently close nexus between the state" and Paypal to suggest that Paypal's action may be treated as state action. *See Jensen v. Lane Cnty.*, 222 F.3d 570, 575 (9th Cir. 2000) (discussing the state action requirement for Section 1983 suits). Though the complaint does not specify the nature of Heard's claims against Paypal, the civil cover sheet filed alongside the complaint refers to causes of action under Civil Code Section 3294 and Penal Code Sections 182 through 185.

California Civil Code Section 3294 permits a plaintiff to recover exemplary damages in actions for fraud. The elements of a claim for fraud are "(a) a misrepresentation . . . ; (b) scienter or knowledge of its falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1164 (quoting *Hinesley v. Oakshade Town Ctr.*, 135 Cal. App. 4th 289, 294-95 (2005)). Allegations of fraud are subject to a heightened pleading standard pursuant to Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that allegations of fraud be plead with specificity. The plaintiff must include "the who, what, when, where, and how" of the fraud and set forth "what is false or misleading about a statement, and why it is false." *Rockridge Trust*, 985 F. Supp. 2d at 1135 (quoting *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994)). If these allegations are missing, a court may dismiss the complaint. *Id.*

Heard's complaint does not contain any factual allegations concerning a misrepresentation by Defendant Paypal. Thus, he fails to state a claim for fraud upon which relief may be granted.

As for the Penal Code Sections cited by Heard (involving conspiracy), there is no

---

[1] *See McDade v. West*, 223 F.3d 1135 (9th Cir. 2000) (concluding that defendants acted under color of law when they used a database accessible to them because of their official positions).

4

indication that these statutes create a private right of action. *See Washington v. Franchise Tax Board*, No. EDCV 15-1254-DSF (AGR), 2016 WL 3267717, at *4 (C.D. Cal. May 5, 2016) (citing cases). Heard therefore fails to state a claim for violation of Penal Code Sections 182-185 upon which relief may be granted.

Heard may, through amendment, allege facts to plead a claim for fraud; the same cannot be said for the penal code sections. The undersigned therefore recommends that the court dismiss the fraud claim against Paypal with leave to amend, but that the court deny leave to amend as to the claims under the Penal Code.

## CONCLUSIONS

The undersigned grants Heard's application to proceed *in forma pauperis* and orders that this case be reassigned to a district judge. The undersigned further recommends that the case be dismissed with prejudice as against Mexicans; with leave to amend as against the Middle and High Schools of Gainesville, Georgia, and Hall County, Georgia; with leave to amend as against Paypal for fraud; and without leave to amend against Paypal for violations of the Penal Code. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. Fed. R. Civ. P. 72.

The undersigned encourages the plaintiff to contact the federal pro se program at 408-297-1480 to determine what assistance may be available.

**IT IS SO ORDERED.**

Dated: 7/12/2017

HOWARD R. LLOYD
United States Magistrate Judge

5